UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:13-CV-62641-ROSENBERG/BRANNON

786 GOLDEN PETROLEUM, INC.

 Plaintiff,

v.

ZURICH AMERICAN INSURANCE
COMPANY, a foreign corporation,

 Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT**

  This matter is before the Court on Defendant's Motion for Final Summary Judgment [DE 38]. The Motion has been fully briefed by both sides. The Court heard oral argument on the Motion on January 28, 2014. The Court has reviewed the documents in the case file and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion is granted.

**I. BACKGROUND**

  Defendant removed this suit on December 4, 2013 from the Seventeenth Judicial Circuit of Florida. At that time, the plaintiff in this action was the owner of the property at issue in this case, North Lauderdale Fuels, LLC. On January 24, 2014, Plaintiff 786 Golden Petroleum was substituted for North Lauderdale Fuels in an amended complaint. DE 19. Defendant answered on February 2, 2014 and filed the Motion for Final Summary presently before the Court on September 23, 2014.

1

Plaintiff is the tenant of a gasoline service station owned by North Lauderdale Fuels (the "Property"). DE 1-1. At issue in this case is an Underground Storage Tank Insurance Policy (the "Policy") insuring the Property from underground petroleum spills. *Id.* Although the Policy contained certain retroactive dates, the period of coverage under the Policy for Plaintiff was October 21, 2010 to October 21, 2011. DE 19 at 9.

Free floating petroleum was discovered on the Property on August 25, 2010. *Id.* The Parties dispute the date upon which the discovery of the spill became known to Plaintiff. On or about May 2, 2011, Plaintiff submitted a claim for insurance coverage to Defendant for costs associated with the cleanup of the spill. DE 19. Defendant denied coverage, with the denial ultimately resulting in the instant suit.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law ." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.

2

*See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

### III.   ANALYSIS AND DISCUSSION

Defendant argues that it is entitled to summary judgment on three separate grounds: (1) Plaintiff cannot show that it is required to pay cleanup costs to a governmental authority under the Policy, (2) Plaintiff did not discover the oil spill within the relevant Policy period and (3) the origin of the oil spill at issue predates a certain retroactive date of coverage. Because all three of Defendant's grounds derive from a condition precedent for Plaintiff to be entitled to coverage under the Policy, any of Defendant's arguments, if successful, warrant an entry of summary judgment in Defendant's favor. Although Defendant has moved for the Court to declare an affidavit in the record by Mr. Doron Perelman is a sham affidavit, and thereby eliminate certain

3

potential disputes of fact pertaining to Defendant's second and third grounds, the Court finds that it does not need to consider this issue because the Court is persuaded as to Defendant's first argument—the issue of damages.

Under the Policy, Defendant has agreed to pay, *on behalf of the insured*, any cleanup costs that are required by a governmental authority. DE 19 at 16. The terms "insured" and "governmental authority" are defined terms. *Id.* The definition of "insured" encompasses Plaintiff. DE 19 at 17. Notably, however, the definition of insured **does not** encompass the owner of the subject Property, North Lauderdale Fuels.[1] *Id.* Governmental authority is defined under the Policy as "applicable federal, state, or local statutes and regulations, orders or ordinances, including remedial action plans which (i) meet the requirements of a 'voluntary cleanup program', (ii) are validly executed with all necessary regulatory entities and (iii) are negotiated with requirements no stricter than those necessary for the current use set forth in your Application." *Id.*

Defendant argues that Plaintiff owes no cleanup costs to a governmental authority. To substantiate its position, Defendant points out that (i) there is no record evidence that would suggest otherwise and (ii) the designated corporate representative of the owner of the Property, North Lauderdale Fuels, has attested that Plaintiff will owe no costs to a governmental authority:

> Q. Do you agree with that, that North Lauderdale Fuels, LLC is responsible to maintain the storage tanks?
>
> A. To maintain them, yes.
>
> Q. Okay. And when you say to maintain them, what does that mean?
>
> A. Well, storage tanks, as you know, contain gasoline. If there is a spill or there is a leak, or anything like that, the owner is responsible to maintain it and correct it.

---

[1] The dispute that is at the heart of this case would appear to have arisen because Plaintiff did not name North Lauderdale Fuels as an insured under the Policy. Plaintiff was required to include North Lauderdale as an insured under the Policy pursuant to Plaintiff's lease agreement. *See* DE 38-2 at 6.

4

. . .

Q. -- we ask you to list every item of expense or damage you claim to have incurred. And you have noted $550 for a tank sump pump out cleaning, right?

A. Right.

Q. $6,050 for elevated sump manways?

A. Rights.

Q. And $6,800 for spill buckets removal, correct?

A. Correct.

Q. Those are actual dollars North Lauderdale Fuels has spent?

A. Right.

Q. Now, were these the obligations of North Lauderdale Fuels or the obligation of 786?

A. I would think they are North Lauderdale Fuels.

Q. Okay. And, then, the [$]520,225, its says (EST)?

A. Right.

Q. That's the site clean-up cost chart that we talked about earlier?

A. That's right.

Q. And, again, those are the responsibility of North Lauderdale Fuels, and not 786?

A. Yes, I believe so. Yeah.

Q. Okay. 786 hasn't had to pay any of these damages, nor will it have to pay the $520,000?

A. That's right.

DE 33-1 at 6, 34.

At the hearing on this matter, the Court queried Plaintiff on the specific evidentiary basis on which it is relying to substantiate that Plaintiff *does* owe cleanup costs to a governmental authority. In response, Plaintiff clarified that it is relying upon a "Storage Tank Facility Annual Compliance Site Inspection Report" which was generated by the Florida Department of Environmental Protection. DE 50 at 12. That Report, however, does not notify Plaintiff that Plaintiff owes any amount, nor does the Report assess a particular fine or otherwise put Plaintiff on notice of impending fines *against Plaintiff*.[2] Instead, the purpose of the Report is to summarize that the Property failed an inspection. *Id.*

After reviewing Defendant's evidence that Plaintiff owes no cleanup costs to a governmental authority, the Court finds that Plaintiff's counterevidence is nonresponsive. Plaintiff has not rebutted the evidence submitted by Defendant nor has Plaintiff provided legal or regulatory authority for the proposition that a tenant, not an owner, would be held by a governmental authority as the entity directly responsible for the cleanup costs at issue in this case. As such, the Court finds that Defendant is entitled to summary judgment on this basis alone. Moreover, Plaintiff's lack of evidence is consistent with Plaintiff's theory of the case as more fully described below.

Plaintiff has consistently taken the position that the reason Plaintiff will incur damages in this case is because Plaintiff will owe cleanup costs to the owner of the subject Property—not a governmental authority—under Plaintiff's lease. At the hearing on this matter, Plaintiff conceded that the lease is necessary for Plaintiff to establish damages in this case. Plaintiff's reliance on the lease fails as a matter of law. The Policy at issue in this case *expressly excludes* "the liability of

---

[2] Notably, the Report is not addressed to Plaintiff. Instead, the Report is directed to "Exxon Food Mart" at the subject Property address. DE 50 at 12. The Report also predates the Policy at issue in this case. *Id.*

others assumed by the 'insured' under any contract or agreement." DE 19 at 19.  The lease between Plaintiff and North Lauderdale Fuels is not incorporated into the Policy—it is expressly excluded.  Accordingly, the Policy does not insure Plaintiff against damages levied against North Lauderdale Fuels which Plaintiff has assumed via the lease.  *See Taylor v. Kinsella*, 742 F.2d 709 (Fla. Dist. Ct. App. 1984).  The Court therefore finds that Defendant is entitled to summary judgment because Plaintiff has provided no evidence to rebut Defendant's evidence, as detailed above, and because the Policy at issue in this case did not incorporate Plaintiff's lease—instead the Policy expressly excluded coverage for contractual liabilities assumed by Plaintiff.

### IV.     CONCLUSION AND RULING

For the foregoing reasons, Defendant's Motion for Final Summary Judgment [DE 38] is **GRANTED**.  The Clerk of the Court is directed to enter final judgment in favor of Defendant and to **CLOSE THIS CASE**.  All pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 5th day of February, 2015.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

7